UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:25-CR-14-KKC

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          PLEA AGREEMENT

BRIANA HUNTER                                              DEFENDANT

\* \* \* \* \*

1.      Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.  Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this agreement.

2.      The essential elements of the Indictment are:

(a)     Two or more persons conspired, or agreed, to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

(b)     The Defendant knowingly and voluntarily joined that conspiracy; and

(c)     The amount of controlled substances attributable to the Defendant as a result of the Defendant's own conduct and the conduct of other co-

conspirators reasonably foreseeable to the Defendant was at least 50 grams of a mixture or substance containing methamphetamine.

3. The United States could prove the following facts that establish the essential elements of the Indictment beyond a reasonable doubt, and the Defendant admits these facts:

(a)   On or about May 3, 2024, in Floyd County, in the Eastern District of Kentucky, the Defendant conspired with others to distribute a quantity of methamphetamine, a Schedule II controlled substance. Specifically, on the above date, police conducted a traffic stop of a vehicle occupied by the Defendant and her co-Defendant, Stephanie Hall. Police conducted a search of the vehicle and located a small bag on the driver's floorboard. Inside the bag, police found approximately 215 grams of methamphetamine bagged into smaller distribution quantities. Police also located a large quantity of U.S. currency.

(b)   Both the Defendant and Hall were arrested and placed in the back of a police car. In car video revealed that, while in the police car, Hall handed a quantity of methamphetamine to the Defendant. The Defendant subsequently concealed the methamphetamine inside her person.

4. The statutory punishment for the Indictment is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not

2

bind the Court.

    (a)    The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

    (c)    The parties agree that the Defendant's conduct on May 3, 2024, does not meet the definition of obstructing or impeding the administration of justice, pursuant to U.S.S.G. §3C1.1.

6.    No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.    The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8.    The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.    The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is

subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Superseding Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that may have already submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

4

12.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.


PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: 3|3|26                    By: _____
                                       Justin Blankenship
                                       Assistant United States Attorney

Date: 2-15-26                   _____
                                Briana Hunter
                                Defendant

Date: 2|15|26                   _____
                                Patrick O'Neill
                                Attorney for Defendant